# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John W.,**
**Petitioner**

**vs)  No. 18-0329** (Kanawha County 17-P-370)

**Rechelle H.,**
**Respondent**

**FILED**

**May 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John W., appearing pro se, appeals the order of the Circuit Court of Kanawha County, entered on March 14, 2018, denying his petition to change the parties' minor child's name.[1] Respondent Rechelle H. appears by counsel Lyne Ranson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in January of 2016, legally separated in December of 2016, and divorced by final order entered on January 26, 2018, in the Circuit Court of Kanawha County. Respondent gave birth to a child, after the parties' separation but prior to their divorce, in July of 2017. Respondent did not immediately inform petitioner of the birth. She provided the information necessary for the issuance of a birth certificate, and she gave the child her maiden surname, which she had retained after marrying petitioner. Petitioner filed a petition to change the child's surname in the Circuit Court of Kanawha County within a few months after the child's birth, and the court conducted a hearing. The circuit court denied the petition to change the surname by order entered on March 13, 2018.

On appeal, petitioner asserts three assignments of error, which we summarize as follows: (1) the circuit court denied petitioner "his recognized and protected surnaming interests and rights;" (2) the circuit court erred in finding that petitioner presented no evidence that the changing of the child's surname was not in the best interest of the child; and (3) the circuit court erred in ruling that respondent "had established the best interest of the child bearing [her] surname." Our review proceeds according to the established framework:

"In reviewing challenges to the findings and conclusions of the circuit court,

---

[1] Petitioner's brief was filed by his former counsel, Tim C. Carrico. Mr. Carrico subsequently withdrew his representation.

1

we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *In re Jenna A.J.*, 231 W. Va. 159, 744 S.E.2d 269 (2013).

Petitioner's three assignments of error are addressed in two steps. First, we consider whether petitioner is correct that, pursuant to *In re Harris*, 160 W.Va. 422, 427, 236 S.E.2d 426, 429 (1977), a father has a "protectable interest in his children bearing his surname," as stated in petitioner's first assignment of error. Second, we will consider whether evidence presented at the evidentiary hearing shows that a surname change is in the child's best interest, as petitioner intimates in his second and third assignments of error.

The principle on which petitioner relies has been recently reiterated by this Court. We continue to hold to this premise from *Harris*, which recognizes longstanding convention:

> "Children bear the surnames of their fathers by custom and usage in this society, and where a father who has exercised his parental rights and discharged his parental responsibilities is dead, or a living father exercises his parental rights and discharges his parental responsibilities, the name of a minor child cannot be changed from that of the father unless upon proper notice and by clear, cogent and convincing evidence it is shown that such change will significantly advance the best interests of the child." Syl. Pt. 3, *In re Harris*, 160 W.Va. 422, 236 S.E.2d 426 (1977).

Syl. Pt. 2, *In re Jenna A.J.*, 231 W. Va. 159, 744 S.E.2d 269, 270 (2013). That tenet is tempered, however, with the recognition that "[t]his Court has never adopted a different evidentiary standard based upon the nature of the name change sought." *Id.* at 163, 744 S.E.2d at 273. "Any name change involving a minor child may be made only upon clear, cogent, and convincing evidence that the change would significantly advance the best interests of the child." Syl. Pt. 3, *Lufft v. Lufft*, 188 W.Va. 339, 424 S.E.2d 266 (1992)." Syl. Pt. 4, *In re Jenna A.J.* (emphasis supplied). Thus, though *Harris* establishes the standard necessary to change the surname from that of the father, it does not establish a patronymic preference trumping the standard necessary to change the surname from that of the mother. In fact, we clarified that, "[a]lthough the *Harris* case was weighted toward the child retaining the father's surname, we believe [the standard a petitioner must meet to effect the name change] is equally applicable to any name change, including one changing a child's last name from the mother's maiden name to the father's surname." *Lufft*, 188 W. Va. at 342, 424 S.E.2d at 269. The circuit court thus correctly explained that that there is no legal preference that a child be given either parent's surname, "but rather a focus on whether any name change would significantly advance the child's best interests." We find no merit in petitioner's first assignment of error.

As explained above, the focus of our review of petitioner's second and third assignments of error is whether petitioner produced "clear, cogent, and convincing evidence that the change

would significantly advance the best interests of the child" (s*ee* Syl. Pt. 3, in part, *Lufft;* s*ee also* Syl. Pt. 4, in part, *In re Jenna A.J.*) or whether, as petitioner asserts, respondent failed to do so.[2] Petitioner argues that he presented the circuit court with evidence that the child has two siblings, who are petitioner's children and bear his name, and that these siblings "are already questioning why their [sibling] has a different surname from their own." He also offered the circuit court evidence that he financially supports the child and is involved in the child's life. This evidence, he argues, together with evidence of a proud history of petitioner's surname and a convention of patronymics in both his and respondent's family histories, establishes that it is in the child's best interest to bear his surname. These factors—considered in our current society where blended families are plentiful, parents equally contribute to the care and support of children, and matriarchal heritage is no less celebrated than that of our fathers—are insufficient to establish that the requested name change is in the best interest of the parties' child. We thus find no error in the circuit court's consideration of the evidence presented.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 20, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Evan H. Jenkins

**DISSENTING:**

Justice Tim Armstead
Justice John A. Hutchison

---

[2] Petitioner's third assignment of error assails respondent's failure to offer evidence to resist his petition. Petitioner is the name-change proponent and he, thus, is the party required to make the appropriate evidentiary showing.

3